IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 26, 2010

# MARIO ANTWAN FULGHAM v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 268718    Don W. Poole, Judge**

---

**No. E2009-01240-CCA-R3-PC - Filed June 7, 2010**

---

The Petitioner, Mario Antwan Fulgham, appeals as of right from the Hamilton County Criminal Court's denial of his petition for post-conviction relief challenging his convictions for facilitation of first degree murder, attempted especially aggravated robbery, and attempted aggravated robbery. The Petitioner argues that he was entitled to post-conviction relief because his trial counsel committed ineffective assistance in failing to pursue defenses of intoxication or diminished capacity and in failing to advise the Petitioner of his right of allocution at sentencing. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Benjamin L. McGowan, Chattanooga, Tennessee, for the appellant, Mario Antwan Fulgham.

Robert E. Cooper, Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William H. Cox, III, District Attorney General; and Neal Pinkston, Executive Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

The Petitioner was convicted by a Hamilton County jury of facilitation of first degree murder, attempted especially aggravated robbery, and attempted aggravated robbery. The trial court sentenced the Defendant to a total effective sentence of twenty-four years as a Range I, standard offender. On direct appeal, this court affirmed the judgments of the trial court. State v. Mario Antwan Fulgham, No. E2005-02346-CCA-R3-CD, 2006 WL 3718233 (Tenn. Crim. App. Dec. 18, 2006), perm. app. denied (Tenn. Apr. 16, 2007).

On June 24, 2008, the petitioner filed a pro se petition for post-conviction relief alleging that he suffered the ineffective assistance of counsel at his trial and on appeal. Specifically, he asserted that counsel "failed to request an instruction on intoxication as a defense to the petitioner's ability to form intent of crimes committed" despite evidence that the Petitioner was "under the influence of psychiatric medications" at the time of the offenses. He also alleged that counsel failed to call Robert Lee Smith as an exculpatory witness and failed to object when a weapon was referenced inaccurately as an assault rifle by a State witness. As trial court error, the Petitioner alleged that he was denied his right to allocute at the sentencing hearing and that the trial court erred in allowing a witness to testify without impeachment after the witness admitted during a jury-out hearing that he was suffering from sleep deprivation and under the influence of drugs while testifying. The pro se petition also requested a tolling of the statute of limitations due to counsel's failure to inform the Petitioner of our supreme court's denial of his application for permission to appeal until May 13, 2008 – more than a year after the court's denial. Williams v. State, 44 S.W.3d 464, 471 (Tenn. 2001), citing Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) (due process requires a tolling of the statute of limitations when a petitioner would otherwise be denied a reasonable opportunity to raise post-conviction issues due to an attorney's misconduct).

Following the appointment of counsel, an evidentiary hearing was set to determine whether the statute of limitations should be tolled to allow consideration of the merits of the post-conviction petition. In the interim, both the State and post-conviction counsel conducted an investigation into the tolling issue. On September 9, 2008, the post-conviction court ordered that the petition was timely filed based upon the State's announcement that it would not oppose tolling after conducting its investigation into the issue.

At the May 4, 2009 evidentiary hearing, the Petitioner testified that his codefendants awoke him around 11:00 p.m. while he was asleep at his girlfriend's house. He stated that he was taking medication for "mood swings, depression, and . . . bipolar" disorder and was being treated as an outpatient at the time of the offenses. The Petitioner claimed that his medication made him drowsy, "like a hangover," and that although he "drove and everything [on the night of the offenses]. . . [he] was like in and out of it due to the medication." He acknowledged that he told trial counsel about his psychiatric issues and that trial counsel had an evaluation performed to determine the Petitioner's competency to stand trial, which resulted in a competency finding. The Petitioner testified that he asked trial counsel to request an intoxication instruction but that counsel failed to do so.

The Petitioner also complained of trial counsel's failure to call as a witness, Robert Lee Smith, "the guy who [his codefendants] sold the car to after the carjacking," who would have testified that the Petitioner was not with the codefendants when the car was purchased. The Petitioner also alleged that Mr. Smith would have testified that Mr. Smith saw the

codefendants remove guns from the car, contrary to the codefendants' statements that the Petitioner was involved in the disposal of the weapons. The Petitioner stated that a State expert erroneously referred to one of the never-recovered weapons as an "SKS assault rifle" when it was actually a shotgun, but the Petitioner did not testify as to how he may have been prejudiced by this erroneous classification. The Petitioner claimed that trial counsel never explained to him that he had the right to limited testimony at the sentencing hearing. Finally, the Petitioner testified that trial counsel should have objected to the testimony of Morris Tally – one of the victims who was apparently alcohol or drug impaired at trial.

On cross-examination, the Petitioner admitted that he was driving on the night of the offenses. He also testified that he was present and remembered the robbery of Mr. Talley and the shooting of Mr. Hall. He also acknowledged that he was convicted of lesser included offenses of those indicted and that trial counsel met with him and his family throughout the pretrial and trial process. The Petitioner also admitted that he declined a plea offer made prior to trial. On redirect, the Petitioner asserted that his girlfriend could have testified regarding the effects of his medication, shielding him from testifying at trial.

Trial counsel testified that he had been licensed to practice law since 1997 and had tried "more than 40" jury trials at the time of the Petitioner's trial. He recalled that he informed the Petitioner of the potential punishment he faced if convicted at trial – a life sentence – but that the Petitioner turned down a plea offer from the State. Trial counsel believed the twenty-four year sentence for lesser included offenses "was a good result" considering what the Petitioner faced in the indictment. He also stated that Mr. Smith's testimony related more to the codefendants because the evidence showed that the Petitioner abandoned his codefendants and returned home while his codefendants continued to commit more crimes that night. For this reason, trial counsel determined that Mr. Smith's testimony "would not have helped [their] defense at all."

Trial counsel also recalled that there was no intoxication defense because the Petitioner claimed that he "was going to take advantage of the ride [with the codefendants] to go to the store to get some diapers" and abandoned his codefendants as soon as possible once they began committing the offenses. Trial counsel stated that Mr. Talley was a memorable witness at trial because "it was obvious to everyone in the courtroom, even the prosecution, that he was intoxicated" when he testified. He recalled that the trial court allowed him to question Mr. Talley regarding being under the influence of marijuana at trial. Regarding the reference of a weapon as an assault rifle, trial counsel stated that the ballistics report indicated that the shell casings found at the scene of the shooting could have been fired from an assault rifle. He testified this evidence was relevant, although prejudicial, in light of the fact that the weapon used in the shooting was never actually recovered.

On cross-examination, trial counsel stated that the Petitioner's medication never was "a big factor" because "it was medication he was supposed to be taking" and that there was never indication "that he couldn't remember" the events surrounding the offenses. In fact, counsel testified that the Petitioner "vividly recalled the entire ride and how he got home." According to trial counsel, the Petitioner told the police that he never knew the codefendants were going to commit the crimes. Accordingly, the defense strategy was to minimize the evidence of the Petitioner's participation in the crimes and show that he abandoned his codefendants as soon as possible.

The post-conviction court found that the issues regarding the trial court's alleged denial of right to allocute and exclusion of impeachment evidence were waived but that the issues could be considered as additional allegations of ineffective assistance relative to counsel's representation on appeal. The court found that counsel was not deficient for failing to object to the "assault rifle" reference because the evidence at trial showed that the weapons were never recovered and much of the expert testimony was consistent with the Petitioner's account of the events leading up to the offenses. The court noted that the Petitioner failed to present the testimony of any alleged uncalled witnesses and found that counsel was not deficient in failing to call witnesses, based upon the testimony presented at the evidentiary hearing.

The post-conviction court found that counsel did not commit ineffective assistance by not pursuing an intoxication defense in light of the Petitioner's detailed account of the events on the night of the offense. The court also found that counsel was not deficient in failing to impeach a witness regarding his impairment while testifying because "the impairment of the witness was obvious to everyone" in the courtroom. The court found no prejudice in counsel's failure to ensure the Petitioner's right to allocute at sentencing, in part because the evidence showed that the Petitioner withdrew from some of the criminal activity of his codefendants on the night of the offenses and any additional statement of the Petitioner at sentencing would not have changed the outcome of the hearing. The post-conviction court also ruled that counsel was not deficient in failing to present evidence of the Petitioner's mental impairment in light of evidence that he was taking medication and "under control" at the time the offenses were committed. In summary, the post-conviction court found that the Petitioner failed to prove the allegations of the petition by clear and convincing evidence and denied relief.

ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations to support his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we

-4-

conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

At the outset, we note that the Petitioner failed to present the testimony of either Mr. Smith or the Petitioner's girlfriend in an effort to establish his allegations that trial counsel was ineffective in failing to call these witnesses. This court has long held that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App.1990). Therefore, we conclude that the Petitioner has failed to establish these allegations by clear and convincing evidence.

With respect to the Petitioner's claim that counsel should have requested an intoxication instruction, trial counsel's testimony shows that such a defense could not be supported given the Petitioner's detailed memory of the events surrounding the offense. We also agree with the trial court that trial counsel's failure to object to the assault rifle reference was not deficient under the circumstances of this case where the weapon was never recovered and shell casings found at the shooting scene matched those used in assault rifles. Regarding the Petitioner's allegation that trial counsel failed to inform him of his limited right to allocution at sentencing, we note that the Petitioner did not offer any testimony at the post-conviction hearing to show what he would have said in order to establish prejudice. Accordingly, we conclude that the record does not preponderate against the post-conviction court's findings and affirm the denial of post-conviction relief.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____

D. KELLY THOMAS, JR., JUDGE